## HENRY RITTER v. MICHAEL KUNKLE.

1. Under the revised act "constituting courts for the trial of small causes," (*Rev., p.* 537,) judgments by confession are still to be reviewed by *certiorari* only.
2. As to all other cases where the justice has jurisdiction in the sense of the act, relief can be had only by appeal to the Common Pleas.
3. Where the justice has no such jurisdiction, the remedies by appeal and *certiorari* are concurrent, and the party thinking himself aggrieved may resort to either, at his option.

On *certiorari.*

Argued at November Term, 1876, before Justice WOODHULL.

For the plaintiff, *W. S. Gummere* and *Joel Parker.*

For the defendant, *B. A. Vail.*

The opinion of the court was delivered by

WOODHULL, J.   The plaintiff seeks, by this writ, to be relieved from a judgment which Kunkle, the defendant in *certiorari,* recovered against him in a court for the trial of small causes in and for the county of Union, before one of the justices of the peace of that county.

The summons was issued December 4th, 1875, returnable on the 14th day of the same month.

On the return day, the parties appeared, the plaintiff filed his state of demand, and, at the request of Ritter, the defendant below, the cause was adjourned to the 28th day of the same month.

On that day, the parties again appeared.   Ritter asked for a further adjournment of one month, on account of the absence of a material witness, and filed the affidavit required by the statute in such case.

The justice thereupon adjourned the cause for thirty days, but, through a clerical error, he entered the adjourned day on his docket as the 24th day of January, 1876, instead of the 27th day of January, 1876.

On the 24th, Kunkle, the plaintiff below, appeared with his witnesses, and the justice proceeded to try the cause in the absence of the defendant, and the same day gave judgment against him, in favor of Kunkle, for the sum of $100.

On the 27th, the defendant appeared with his witnesses, for the purpose of making his defence to the plaintiff's suit, and was then informed by the justice that the cause had been tried and disposed of on the 24th; that execution had been issued against him, and that he had the right of appeal to the next Court of Common Pleas of Union county.

No appeal having been taken by the defendant below, this writ of *certiorari*, with a *supersedeas*, &c., was allowed on the 28th day of June, 1876.

Under this state of facts, it is urged for the defendant in *certiorari*, that the plaintiff has fatally mistaken his remedy; that, as the law now stands, his only mode of relief was by appeal, and that the writ in this case was, therefore, improvidently allowed, and should be dismissed.

This insistment involves the consideration of two questions: 1. Had the defendant below a remedy by appeal? 2. If he had, is he thereby precluded from this further remedy by *certiorari?*

The answer to the first question is found in Section 137 of the justices' courts act, (*Rev., p.* 564,) which provides that, from any judgment which may be obtained before any justice of the peace, except such as shall have been given by confession, either party may appeal to the Court of Common Pleas of the county to be held next after the rendering of such judgment.

The corresponding section of the previous act (*Nix. Dig.* 466, § 43,) gave an appeal from any judgment, &c., except those given by default or by confession, or in the absence of the defendant, where the trial did not take place in his pres-

·ence, or on a debt, balance, demand, or other matter in dispute, not exceeding $3.

The present act extends the remedy by appeal to all but one of the previously-excepted classes of cases, viz., where the judgment is given by confession.

The judgment in this case not being within that exception, there can be no doubt that the defendant below had a right to appeal from it to the next Court of Common Pleas.

But the important question remains, whether, in conferring upon the defendant the right of appeal in this case, it was the intention of the act to preclude him from seeking relief in this court by *certiorari*. In determining this question, it should be borne in mind that, while the appeal is strictly a statutory remedy, originating in, and in all respects regulated and governed by provisions of positive law, the remedy by *certiorari* pertains to and results from the general superintending jurisdiction of this court over all inferior tribunals which do not proceed according to the course of the common law. *N. J. R. R. and Trans. Co.* v. *Suydam*, 2 *Harr.* 25; *Ackerman* v. *Taylor*, 3 *Halst.* 305; *S. C.*, 4 *Id.* 65.

Hence it follows that this remedy by *certiorari* can neither be taken away nor restricted, without some clear legislative enactment to that effect. *State* v. *Falkinburge*, 3 *Green* 320.

In support of their respective views, both parties rely upon the provisions of the ninety-sixth section, (*Rev., p.* 556,) which enacts that "where the justice has jurisdiction, no judgment hereafter to be rendered in any court for the trial of small causes, from which an appeal is given to the Court of Common Pleas by this act, shall be removed into the Supreme Court or Circuit Court by *certiorari* or otherwise, for the correction of any supposed error therein; but the party thinking himself aggrieved shall have relief upon the appeal only, and that both as to matter of law and matter of fact."

Whether this court can give the relief sought in the present case, plainly depends upon the effect of the first clause of the section—*where the justice has jurisdiction;* and this, again,

must depend upon the meaning and application of the word *jurisdiction.*

The general legal import of this word, as applied to judicial proceedings, is well stated by Mr. Justice Baldwin, in *State of Rhode Island* v. *State of Massachusetts,* 12 *Pet.* 718. He says: "Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; the question is whether, on the case before a court, their action is judicial or extra-judicial—with or without the authority of law to render a judgment or decree upon the rights of the litigant parties." See also *United States* v. *Arredondo,* 6 *Pet.* 691; *Grignon's Lessee* v. *Astor et al.,* 2 *How.* 319; *Freeman on Judg.,* §§ 118–121. The first section of the act referred to declares, under the head of *Jurisdiction,* that certain classes of cases therein specified shall be cognizable before any justice of the peace of any county in the state, who is thereby authorized to hold a court within such county, to hear, try, and determine the same according to law. This is what the act means by jurisdiction, and this is substantially the sense of the foregoing citation.

The substance of either, substituted for the word *jurisdiction,* will give what I understand to be the true meaning of the ninety-sixth section, namely, that where the justice has the authority of law to render a judgment upon the rights of the parties litigant, or, in the language of the act, *to hear, try, and determine* the matter in controversy between them, no judgment rendered under such circumstances, from which an appeal is given, shall be removed, &c., by *certiorari.*

The right of appeal having, as we have seen, been extended by the seventy-ninth section, the adoption of the sixty-seventh section of the previous act (*Nix. Dig.* 469), just as it stood, would have excluded the remedy by *certiorari* in all cases whatever, except where the judgment was by confession.

To prevent such a result, and for the purpose of defining a class of judgments which, although appealable, might be

reviewed by *certiorari* also, the clause, " where the justice has jurisdiction," was prefixed to the sixty-seventh section of the old act, which, thus modified, stands as the ninety-sixth section of the present act.

It is insisted on the part of the defendant, that the effect of this clause is to prevent the removal, by *certiorari*, of any judgment given by a justice, no matter under what circumstances, provided it was given in a case which the act makes cognizable before him. But, instead of applying merely to the cause in the very general way claimed by the defendant's counsel, the clause in question was intended, as it seems to me, to apply specially to the judgment or determination which might be rendered in the cause. So that, in determining whether a particular judgment, in an action of debt, for example, may be reviewed by *certiorari*, the test question is, not whether the justice was authorized to try actions of debt, but whether, under the then existing circumstances, he had authority to render any judgment between the parties.

That the justice had no such authority, under the circumstances appearing in the present case, seems almost too plain for argument.

To say that he had jurisdiction of the subject matter and of the parties, at some previous time, and might then have lawfully adjudicated between them, is nothing to the purpose. The point of inquiry is whether he had such authority at the *time* when the judgment in question was given.

For the assertion of jurisdiction with respect to any judicial act, necessarily implies the assertion of authority to do that particular act at the very time when it was done.

Now, it is obviously true, as remarked by Mr. Freeman, in his treatise on the Law of Judgments, that " a tribunal having undoubted jurisdiction of a cause at a certain stage, may lose such jurisdiction at some subsequent stage of the proceedings." The same learned author remarks, further, that " if the statute requires regular terms to be held for the trial of causes, the court, in the intervals between those terms is, for the purpose of conducting trials, in the same

condition as though its authority over the case were entirely withdrawn. It is no longer a court." § 121. See also 10 *Coke* 77.

Such, substantially, was the condition of the justice's court when the judgment in this case was rendered. During the interval covered by the adjournments, its authority over the case was completely suspended. The exercise by the justice, during that interval, of any judicial power over the parties, was wholly unauthorized. He had no jurisdiction, in the sense of the act, when the judgment in this case was rendered, and there is, therefore, nothing to prevent its removal by *certiorari*. It follows, from what has been said, that the effect of the seventy-ninth and the ninety-sixth sections, taken together, is: 1. That judgments by confession are still to be reviewed by *certiorari* only. 2. That as to all other judgments where the justice has jurisdiction, in the sense of the act, relief can be had only by appeal. 3. That where the justice has no such jurisdiction, the remedies by appeal and by *certiorari* are concurrent, and the party thinking himself aggrieved may resort to either, at his option.

The writ is retained, and the judgment, and all proceedings under it, are set aside, with costs.